IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**TERRY F. WALLING,**

                Plaintiff,

     v.                                    CASE NO. 13-3182-SAC

**MICHELLE SULLIVAN, et al.,**

                Defendants.


**MEMORANDUM AND ORDER**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a prisoner in state custody, proceeds pro se and seeks leave to proceed in forma pauperis.

*Screening*

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id.* at 558.

Plaintiff entered a plea agreement in Johnson County, Kansas. It appears that some time after he entered the agreement, his parole in another criminal case was revoked, and, as a result, he will serve a longer time in custody than he anticipated.

In the present action, he asserts the defendants conspired to provide misleading evidence to induce him to enter the plea agreement. He seeks declaratory and injunctive relief and damages.[1]

Plaintiff's claims relief are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In that decision, the U.S. Supreme Court held that "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87 (footnote omitted).

Plaintiff's claims directly implicate the legality of his confinement. Because any relief in this matter would invalidate the plaintiff's sentence under the plea agreement, his claims are premature under *Heck.*

IT IS, THEREFORE, BY THE COURT ORDERED that this matter is dismissed without prejudice.

IT IS FURTHER ORDERED plaintiff's motion to proceed in forma pauperis (Doc. 2) is denied as moot.

A copy of this order shall be transmitted to the plaintiff.

---

[1] The petition suggests that plaintiff has a pending action in state district court in which he seeks to withdraw the plea and set aside the plea of guilty (Doc. 1, p. 7).

**IT IS SO ORDERED.**

DATED: This 1st day of November, 2013, at Topeka, Kansas.

                                      S/ Sam A. Crow
                                      SAM A. CROW
                                      U.S. Senior District Judge